UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:19-cr-00079-LO |
| RENE CHAVEZ CASERES | ) | |
| | ) | |
| Defendant | ) | |

### DEFENDANT'S MOTION TO DISMISS INDICTMENT

The Defendant, Rene Chavez Caseres, by and through his attorney Jonathan R. Oates and Krum, Gergely & Oates, LLC, moves this Court to dismiss the indictment charging illegal reentry into the United States as the underlying deportation order was entered in violation of Defendant's Due Process rights pursuant to United States v. El Shami, 434 F.3d 659 (4th Cir. 2005).

### FACTUAL BACKGROUND

On January 25, 2005, Defendant Rene Chavez Caseres, hereinafter Chavez Caseres, was detained by the Department of Homeland Security at Eagle Pass, Texas as a person subject to removal/deportation proceedings. On January 27, 2005, Chavez Caseres was released on his recognizance and given a Notice to Appear before an Immigration Judge in San Antonio, Texas "at a date to be set" at "a time to be set." Chavez Caseres provided a phone number and an address in Burtonsville, Maryland, which both appeared on the Notice to Appear given that day.

On September 3, 2005, the Immigration Judge in San Antonio entered a deportation order that Chavez Caseres be removed from the country. That order was entered *in abstentia*. Chavez Caseres never received any Notice to Appear of the court date that day. Further, in its production of discovery, the Government provided numerous other notices and orders from that case file. These records do not include any Notice to Appear with a court date and time that was provided or mailed to Chavez Caseres.

On June 18, 2007, Chavez Caseres was detained and deported pursuant to the September 3, 2005 deportation order.

## ANALYSIS

The pertinent facts of this case are nearly identical to the facts considered by the Fourth Circuit in *United States v. El Shami*, 434 F.3d 659 (4th Cir. 2005). In explaining the defense of challenging the underlying validity of a deportation order, the Court stated:

> [b]ecause a deportation order is an element of the offense of illegal reentry, the Supreme Court has recognized that an alien can collaterally attack the propriety of the original deportation order in the later criminal proceeding. In order to successfully attack the underlying deportation order, the defendant must satisfy three requirements. The alien must demonstrate that
> (1) he exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alient of the opportunity for judicial review; and
> (3) the entry of the deportation order was fundamentally unfair.

*Id*., 434 at 663. (Internal citations omitted.)

Defendant El Shami challenged his conviction for illegal reentry on the grounds that he did not receive notice of the date and time of his removal proceeding, thereby making the underlying removal order invalid as a violation of Due Process. The Court considered the fact that the Government failed to present any evidence that a Notice to Appear was actually sent to El Shami. The Court also considered the testimony of El Shami and his wife, stating that they never received any Notice to Appear with a date and time for the hearing. Finding that El Shami met all three of the required elements to collaterally attack the deportation order, the court vacated his conviction for illegal reentry pursuant to 8 U.S.C. § 1326(d).

The pertinent facts in this matter are virtually identical to El Shami. Because Chavez Caseres never received a notice to appear for his removal proceedings, he did not have the ability to defend himself, or present evidence on his behalf, or appeal the matter. Further, he has been prejudiced because he had a reasonable likelihood of success in seeking immigration remedies available to him at the time of the deportation order.

Wherefore, the Defendant asks this court to find that the underlying deportation was fundamentally invalid and dismiss the indictment in this matter.

Respectfully submitted,

_____/s/_____
Jonathan R. Oates
Krum, Gergely & Oates, LLC
4103 Chain Bridge Road, Suite 401
Fairfax, VA 22030
(703) 988-3711

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2019, I served a copy of the foregoing Motion electronically to Assistant United States Attorney Rachael Tucker via the CM/ECF system.

_____/s/_____
Jonathan R. Oates